COURT OF APPEALS FOR THE
FIRST DISTRICT OF TEXAS AT HOUSTON



ORDER

Appellate case name:        In re Seascape Owners Association, Inc., and Home Depot USA, Inc. d/b/a The Home Depot, Relators

Appellate case number:     01-17-00035-CV

Trial court case number:    13-CV-0895

Trial court:             122nd District Court of Galveston County

On January 13, 2017, relators, Seascape Owners Association, Inc., and Home Depot USA, Inc. d/b/a The Home Depot, filed a petition for writ of mandamus seeking to vacate the respondent trial judge's October 10, 2016 order granting the motion for new trial filed by the plaintiffs. Although relators filed an appendix and a mandamus record, with six volumes of the reporter's record of the jury trial from May 23, 2016 to June 14, 2016, there does not appear to be a record of the October 10, 2016 hearing on the motion for new trial, if any, or a statement in the certification that no hearing was held. *See* TEX. R. APP. P. 52.3(j), (k)(1)(A), 52.7(a)(2). Thus, we **ORDER** relators, **within 10 days of the date of this Order,** to file a statement that no relevant testimony or judicial reasoning was adduced in connection with the motion for new trial or else provide evidence of requesting the reporter's record for that hearing and payment for the reporter's record, preferably on an expedited basis. *See id.* 52.7(a)(2), (b).

In addition, also on January 13, 2017, relators filed an unopposed motion for leave to file volumes 15 (Record Tab 32) and 17 (Record Tab 34) of the reporter's record under seal, apparently for the first time in this case. The motion is **denied without prejudice** because the record does not appear to contain an order from the trial court finding that these volumes in the reporter's record are to be sealed. Requests to seal records are governed by Texas Rule of Civil Procedure 76a. *See* TEX. R. CIV. P. 76a. Rule 76a provides no authority for an appellate court to make the findings necessary to decide motions to seal the record. *See Envtl. Procedures, Inc. v. Guidry*, 282 S.W.3d 602, 636 (Tex. App.—Houston [14th Dist.] 2009, pet. denied) ("On its face, Texas Rule of Civil Procedure 76a, entitled 'Sealing Court Records,' does not give appellate courts the

authority to find the necessary facts and to determine motions to seal on appeal, and the parties have not cited any statute, rule, or case stating that appellate courts have this authority.").

Accordingly, relators' motion for leave to file volumes 15 and 17 under seal must be filed with the trial court **within 10 days of the date of this Order**.  If the trial court orders volumes 15 (Record Tab 32) and 17 (Record Tab 34) of the reporter's record to be sealed in accordance with Rule 76a, then this Court may grant an agreed motion to seal the documents specified by the trial court.  *See R.V.K. v. L.L.K.*, 103 S.W.3d 612, 614 (Tex. App.—San Antonio 2003, no pet.) (noting appellate court ordered clerk to seal parties' briefs that were replete with references to and copies of portions of record ordered sealed by trial court).

Finally, the Court requests a response to the petition for writ of mandamus by any real party in interest.  *See* TEX. R. APP. P. 52.8(b)(1).  The response, if any, shall be filed **within 30 days from the date of this order**.  *See id.* 2, 52.4.

It is so ORDERED.

Judge's signature: /s/ Laura C. Higley
        ☑ Acting individually    ☐ Acting for the Court

Date:  January 19, 2017